IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

ANGELO REYES,

    PLAINTIFF,

v.

    CASE No: 11-003440

    11-003450

    DIVISION H

THE BUDD GROUP, INC.,

    DEFENDANT.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANGELO REYES, by and through his undersigned counsel, hereby brings this action against Defendant, THE BUDD GROUP, INC., and states:

### JURISDICTION AND VENUE

1. This is an action for damages exceeding $15,000 exclusive of interest and costs under the Fair Labor Standards Act ("FLSA").

2. Venue lies within Hillsborough County because events giving rise to this claim arose in Pasco County.

### PARTIES

3. Plaintiff is a resident of Pasco County, Florida.

4. Defendant is a corporation authorized and doing business in Hillsborough County, Florida.

### GENERAL ALLEGATIONS

5. Plaintiff has satisfied all conditions precedent.

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and subject to the individual coverage of the FLSA.

8. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

9. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA.

10. Defendant continues to be an "employer" within the meaning of the FLSA.

11. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA.

12. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by the Defendant.

## FACTS

13. Plaintiff was employed by the Defendant as a non-exempt employee.

14. At all times material hereto, Plaintiff worked over forty (40) hours each week and was not compensated for those hours.

15. On October 1, 2010, Plaintiff objected to Defendant about not being paid overtime wages by Defendant.

16. Shortly thereafter, Plaintiff was terminated by Defendant for objecting to not getting paid overtime by Defendant.

## COUNT I – FLSA OVERTIME VIOLATIONS

17. Plaintiff realleges and readopts the allegations of paragraphs 1 through 16 of this Complaint as though fully set forth herein.

18. During the statutory period, Plaintiff worked overtime hours while employed by Defendant and was not compensated for these hours in accordance with the FLSA.

19. As a result of the foregoing, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands:

(a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate.

(b) Judgment against Defendant that its violations of the FLSA were willful;

(c) An equal amount to the overtime damages as liquidated damages;

(d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

(e) All costs and attorney's fees incurred in prosecuting these claims; and

(f) For such further relief as the Court deems just and equitable.

## COUNT II – FLSA RETALIATION

20. Plaintiff realleges and readopts the allegations of paragraph 1 through 17 as though fully set forth herein.

21. Plaintiff engaged in protected activity as defined by the FLSA.

22. Plaintiff suffered adverse actions, including the termination of his employment, by Defendant as a result of engaging in protected activity under the FLSA.

23. Plaintiff was injured due to Defendant's violations of the FLSA, to which he is entitled to legal and injunctive relief.

WHEREFORE, Plaintiff demands:

(a) Enter a judgment that Defendant retaliated against Plaintiff because he exercised his rights under the FLSA;

(b) Enjoin and permanently restrain Defendant from further violations of the FLSA;

(c) Direct Defendant to reinstate Plaintiff with full seniority to an equivalent position with back pay plus interest, pension rights and all benefits or, in the alternative, enter a judgment pursuant to 29 U.S.C. §2617(a)(1)(A)(i)(II) against Defendants and in favor of Plaintiff for the monetary losses he suffered as a direct result of Defendants' violation of the FLSA;

(d) Award compensatory damages, including emotional distress damages;

(e) Award front pay to Plaintiff;

(f) Award liquidated damages to Plaintiff;

(g) Award reasonable attorney's fees and costs to Plaintiff; and

(h) Additional relief to which Plaintiff is entitled, including equitable relief.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury as to all issues and Counts.

Dated this __14__ day of March, 2011.

4

Respectfully submitted,

/s/ Luis A. Cabassa

LUIS A. CABASSA
Florida Bar Number: 0053643
Wenzel Fenton Cabassa, P.A.
1110 North Florida Avenue, Suite 300
Tampa, FL 33602
Telephone: (813) 224-0431
Facsimile: (813) 229-8712
lcabassa@wfclaw.com
Attorneys for Plaintiff